# EXHIBIT 1

# SUMMONS - CIVIL
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on **ADA accommodations,** contact a court clerk or go to: **www.jud.ct.gov/ADA.**

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **95 Washington Street, Hartford, CT 06106** | **( 860 ) 548 – 2700** | **July 28, 2020** |

| | | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☒ Judicial District   G.A. | | **Hartford** | |
| ☐ Housing Session  ☐ Number: | | | Major: **V**    Minor: **01** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Berman & Russo, 819 Clark Street, South Windsor, CT 06074** | **102179** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **( 860 ) 644 – 1548** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Lisischeff, Siegfried**<br>Address: **357 West Mountain Road, West Simsbury, CT 06092** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **MASTEC NORTH AMERICA, INC., 800 S. Douglas Rd., Penthouse, Coral Gables, FL 33134**<br>Address: **AGENT FOR SERVICE: Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537** | D-01 |
| **Additional defendant** | Name: **Aquino, Miguel A.**<br>Address: **158 Chappin Terrace, Springfield, MA 01104** | D-02 |
| **Additional defendant** | Name: **ARI FLEET LT, LTD, 4001 Leadenhall Rd., Mt. Laurel, NJ 08054**<br>Address: **AGENT FOR SERVICE: Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537** | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| **07/01/2020** | | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | **Jon D. Berman** |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do <u>not</u> use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles⁺ - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles⁺ - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles⁺ - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle⁺ - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle⁺ - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | ⁺Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE:  JULY 28, 2020           :       SUPERIOR COURT

SIEGFRIED LISISCHEFF                  :       J.D. OF HARTFORD

VS.                                        :       AT HARTFORD

MASTEC NORTH AMERICA, INC., ET AL     :       JULY 1, 2020

## COMPLAINT

### FIRST COUNT (SIEGFRIED LISISCHEFF V. MASTEC NORTH AMERICA, INC.): (VICARIOUS LIABILITY)

1.      On September 27, 2018, at approximately 8:35 a.m., the plaintiff, SIEGFRIED LISISCHEFF, was the operator of a motor vehicle traveling in a northerly direction on West Mountain Road in Simsbury, Connecticut

2.      On September 27, 2018, at approximately 8:35 a.m., the defendant MIGUEL A. AQUINO, was employed by the defendant MASTEC NORTH AMERICA, INC. (hereinafter "MASTEC") and was engaged in the course and scope of his employment with MASTEC.

3.      On September 27, 2018, at approximately 8:35 a.m., the defendant, MIGUEL A. AQUINO, was operating a 2012 Ford Econoline van as the agent or employee of MASTEC, traveling in a southerly direction on West Mountain Road in Simsbury, Connecticut.

4.      At said time and place, the defendant, MIGUEL A. AQUINO, negligently and carelessly caused the vehicle he was operating as such agent or employee of MASTEC to cross the center of the roadway and strike the left front side of the plaintiff's vehicle, causing the injuries to the plaintiff more fully set forth herein.

5.      The aforesaid accident and resulting injuries suffered by the plaintiff were the direct and proximate result of the negligence of the defendant, MIGUEL A. AQUINO, in one or more of the following respects:

a.      He failed to drive his vehicle in his established lane of travel in violation of Section 14-230 of the Connecticut General Statutes;

b.      He failed to keep his vehicle under proper and reasonable control;

c.      He failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties, he could and should have done so;

d.      He failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

e.      He was operating his motor vehicle when he knew or should have known that he was unable to do so safely;

f.      He operated his motor vehicle upon the highway while using a mobile electronic device while the vehicle was in motion in violation of Section 14-    296aa(9)(b)(1);

g.      He was operating his motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway and intersection of streets;

6.     As a direct and proximate result of the negligence of the defendant, MIGUEL A. AQUINO, the plaintiff, SIEGFRIED LISISCHEFF, suffered the following injuries:

a.     Concussion;

b.     Traumatic brain injury;

c.     Tinnitus – ringing in ears;

d.     Headaches;

e.     Neck pain;

f.     Protruding cervical disc causing nerve impingement at C5-C6;

g.     Right shoulder injury, including tendon and clavicle injury;

h.     Left shoulder injury;

i.     Right elbow pain;

j.     Mid-back pain;

k.     Right hand and pinky finger numbness and tingling.

7.     The plaintiff's injuries involve muscles, ligaments, nerves, soft tissue, cartilages, discs, bones and joints of the injured parts. The plaintiff also received a shock to his nervous system from the aforementioned injuries which caused physical

and emotional pain and suffering, and continues to cause emotional and mental distress.

8.   Said injuries and the effects thereof are or are likely to be permanent.

9.   As a result of said injuries, the plaintiff has been denied the enjoyment and usual pleasures of life and will be denied such pleasures in the future.

10.   As a further result of said injuries and the effects thereof, the plaintiff had to incur and may be required in the future to incur expenses for medical treatment.

11.   As a result of said injury and the effects thereof, the plaintiff had to incur and may be required in the future to incur expenses for medical treatment.

12.   As the defendant's employer on the date of and at the time of the aforesaid collision, the defendant MASTEC is vicariously liable for the aforesaid negligent operation of the Ford Econoline van by its agent or employee, the defendant, MIGUEL A. AQUINO.

SECOND COUNT (SIEGFRIED LISISCHEFF V. MASTEC NORTH AMERICA, INC.):
(NEGLIGENT HIRING, ENTRUSTMENT AND SUPERVISION)

1. Paragraphs 1 through 11 of the First Count are incorporated herein by reference and are hereby made paragraphs 1 through 11 of this the Second Count.

12. The aforesaid accident and resulting injuries suffered by the plaintiff were the direct and proximate result of the negligence of the defendant MASTEC NORTH AMERICA, INC. (hereinafter "MASTEC") in one or more of the following respects:

a.   It carelessly hired, permitted and entrusted the defendant MIGUEL
A. AQUINO, to operate the Ford Econoline van on its behalf on said
date and time and at all times prior thereto when it knew or should
have known that MIGUEL A. AQUINO was unable and unfit to
safely do so;

b.   It failed to adequately train or supervise the defendant MIGUEL A.
AQUINO in the safe operation of the Ford Econoline van and in the
safe performance of his duties, including the safe use of electronic
and GPS devices while the vehicle is in motion, and negligently and
carelessly permitted him to operate such vehicle on said date and
time when it knew or should have known that he was unable to
safely do so;

THIRD COUNT (SIEGFRIED LISISCHEFF V. MIGUEL A. AQUINO):
(NEGLIGENCE)

1.   On September 27, 2018, at approximately 8:35 a.m., the plaintiff,

SIEGFRIED LISISCHEFF, was the operator of a motor vehicle traveling in a northerly

direction on West Mountain Road in Simsbury, Connecticut

2.   On September 27, 2018, at approximately 8:35 a.m., the defendant

MIGUEL A. AQUINO, was employed by the defendant MASTEC NORTH AMERICA, INC.

(hereinafter "MASTEC") and was engaged in the course and scope of his employment

with MASTEC.

3.   On September 27, 2018, at approximately 8:35 a.m., the defendant,

MIGUEL A. AQUINO, was operating a 2012 Ford Econoline van as the agent or

employee of MASTEC, traveling in a southerly direction on West Mountain Road in

Simsbury, Connecticut.

4.      At said time and place, the defendant, MIGUEL A. AQUINO, negligently and carelessly caused the vehicle he was operating as such agent or employee of MASTEC to cross the center of the roadway and strike the left front side of the plaintiff's vehicle, causing the injuries more fully set forth herein.

5.      The aforesaid accident and resulting injuries suffered by the plaintiff were the direct and proximate result of the negligence of the defendant, MIGUEL A. AQUINO, in one or more of the following respects:

a.      He failed to drive his vehicle in his established lane of travel in violation of Section 14-230 of the Connecticut General Statutes;

b.      He failed to keep his vehicle under proper and reasonable control;

c.      He failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties, he could and should have done so;

d.      He failed to keep a proper and reasonable lookout for other motor vehicles upon the highway;

e.      He was operating his motor vehicle when he knew or should have known that he was unable to do so safely;

f.      He operated his motor vehicle upon the highway while using a mobile electronic device while the vehicle was in motion in violation of Section 14-        296aa(9)(b)(1);

g.      He was operating his motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway and intersection of streets;

6.     As a direct and proximate result of the negligence of the defendant,

MIGUEL A. AQUINO, the plaintiff, SIEGFRIED LISISCHEFF, suffered the following

injuries:

a.     Concussion;

b.     Traumatic brain injury;

c.     Tinnitus – ringing in ears;

d.     Headaches;

e.     Neck pain;

f.     Protruding cervical disc causing nerve impingement at C5-C6;

g.     Right shoulder injury, including tendon and clavicle injury;

h.     Left shoulder injury;

i.     Right elbow pain;

j.     Mid-back pain;

k.     Right hand and pinky finger numbness and tingling.

7.     The plaintiff's injuries involve muscles, ligaments, nerves, soft tissue,

cartilages, discs, bones and joints of the injured parts. The plaintiff also received a

shock to his nervous system from the aforementioned injuries which caused physical

and emotional pain and suffering, and continues to cause emotional and mental

distress.

8.      Said injuries and the effects thereof are or are likely to be permanent.

9.      As a result of said injuries, the plaintiff has been denied the enjoyment

and usual pleasures of life and will be denied such pleasures in the future.

10.     As a further result of said injuries and the effects thereof, the plaintiff had

to incur and may be required in the future to incur expenses for medical treatment.

11.     As a result of said injury and the effects thereof, the plaintiff had to incur

and may be required in the future to incur expenses for medical treatment.


FOURTH COUNT (SIEGFRIED LISISCHEFF V. ARI FLEET LT): (VICARIOUS LIABILITY)

1.      In September 27, 2018, at approximately 8:35 a.m., the plaintiff,

SIEGFRIED LISISCHEFF, was the operator of a motor vehicle traveling in a northerly

direction on West Mountain Road in Simsbury, Connecticut

2.      On September 27, 2018, at approximately 8:35 a.m., the defendant,

MIGUEL A. AQUINO, was operating a 2012 Ford Econoline van owned by the defendant

ARI FLEET LT, with the defendant ARI FLEET LT's permission and consent, traveling in

a southerly direction on West Mountain Road in Simsbury, Connecticut.

3.     At said time and place, the defendant, MIGUEL A. AQUINO, negligently

and carelessly caused the vehicle he was operating to cross the center of the roadway

and strike the left front side of the plaintiff's vehicle, causing the injuries more fully set

forth herein.

4.     The aforesaid accident and resulting injuries suffered by the plaintiff were

the direct and proximate result of the negligence of the defendant, MIGUEL A. AQUINO,

in one or more of the following respects:

    a.      He failed to drive his vehicle in his established lane of travel in violation of
           Section 14-230 of the Connecticut General Statutes;

    b.      He failed to keep his vehicle under proper and reasonable control;

    c.      He failed to apply his brakes in time to avoid a collision although by a
           proper and reasonable exercise of his faculties, he could and should
           have done so;

    d.      He failed to keep a proper and reasonable lookout for other motor
           vehicles upon the highway;

    e.      He was operating his motor vehicle when he knew or should have known
           that he was unable to do so safely;

    f.      He operated his motor vehicle upon the highway while using a mobile
           electronic device while the vehicle was in motion in violation of Section
14-                296aa(9)(b)(1);

    g.      He was operating his motor vehicle at an unreasonable rate of speed
           having due regard for the traffic, weather, width and use of the highway

and intersection of streets;

5.      As a direct and proximate result of the negligence of the defendant,

MIGUEL A. AQUINO, the plaintiff, SIEGFRIED LISISCHEFF, suffered the following

injuries:

a.      Concussion;

b.      Traumatic brain injury;

c.      Tinnitus – ringing in ears;

d.      Headaches;

e.      Neck Pain;

f.      Protruding cervical disc causing nerve impingement at C5-C6;

g.      Right shoulder injury, including tendon and clavicle injury;

h.      Left shoulder injury;

i.      Right elbow pain;

j       Mid-back pain;

k.      Right hand and pinky finger numbness and tingling.

7.      The plaintiff's injuries involve muscles, ligaments, nerves, soft tissue,

cartilages, discs, bones and joints of the injured parts. The plaintiff also received a

shock to his nervous system from the aforementioned injuries which caused physical

and emotional pain and suffering, and continues to cause emotional and mental

distress.

8.     Said injuries and the effects thereof are or are likely to be permanent.

9.     As a result of said injuries, the plaintiff has been denied the enjoyment and usual pleasures of life and will be denied such pleasures in the future.

10.     As a further result of said injuries and the effects thereof, the plaintiff had to incur and may be required in the future to incur expenses for medical treatment.

11.     As a result of said injury and the effects thereof, the plaintiff had to incur and may be required in the future to incur expenses for medical treatment.

12.     As owner of said Ford Econoline van driven by the defendant MIGUEL A. AQUINO on the date of and at the time of the aforesaid collision, the defendant ARI FLEET LT is vicariously liable for the aforesaid negligent operation of said vehicle by MIGUEL A. AQUINO.

WHEREFORE, the Plaintiff claims:

1.  Money damages.

2.  Costs of Suit.

PLAINTIFF


BY
Jon D. Berman
Berman & Russo
819 Clark Street
South Windsor, CT. 06074
(860) 644-1548/Juris No. 102179

RETURN DATE:  JULY 28, 2020            :        SUPERIOR COURT

SIEGFRIED LISISCHEFF                   :        J.D. OF HARTFORD

VS.                                    :        AT HARTFORD

MASTEC NORTH AMERICA, INC, ET AL       :        JULY 1, 2020


<u>STATEMENT OF AMOUNT IN DEMAND</u>

The amount in demand is greater than Fifteen Thousand Dollars ($15,000.00),

exclusive of interest and costs.


PLAINTIFF


BY_____
     Jon D. Berman
     Berman & Russo
     819 Clark Street
     South Windsor, CT. 06074
     (860) 644-1548/Juris No. 102179


BERMAN & RUSSO

ATTORNEYS AT LAW

819 CLARK STREET  •  SOUTH WINDSOR, CT 06074  •  TEL. (860) 644-1548  •  FAX (860) 644-3656  •  JURIS NO. 102179

State of Connecticut    )
                        ) SS        Hartford    07/14/2020

County of Hartford    )

Then and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant, **Mastec North America, Inc**, by leaving a verified, true and attested copy of the original WRIT SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND, with Deneen L. Siefel, Authorized Recipient of Service for the Agent for Service, Corporation Service Company, 100 Pearl Street, 16th Floor in said Town of Hartford.

And again on the 14th day of July, 2020, I made due and legal service upon the within named defendant, **ARI Fleet, LTD**, by leaving a verified, true and attested copy of the original WRIT SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND, with Deneen L. Siefel, Authorized Recipient of Service for the Agent for Service, Corporation Service Company, 100 Pearl Street, 16th Floor in said Town of Hartford.

And again on the 14th day of July, 2020, I made due and legal service upon the within named non-resident defendant, **Miguel A. Aquion**, by leaving a verified, true and attested copy of the original WRIT SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND, at the office of the Commissioner of Motor Vehicles located at 60 State Street, in said Town of Wethersfield. The Commissioner is the appointed attorney for the within named non-resident defendant, Miguel A. Aquion, 158 Chappin Terrance. Springfield, MA 01104 per CGS 52-62(c)

And afterwards on the 19th day of July, 2017, I made a due and legal service upon the within named non-resident defendant,, **Miguel A. Aquion** by mailing a certified, postage-paid, return-receipt-requested, a verified, true and attested copy of the original WRIT SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND, with an endorsement thereon of the service upon the commissioner, to: Miguel A. Aquion, 158 Chappin Terrance. Springfield, MA 01104 per CGS 52-62(c)

Supplemental Return to Follow: Track # 70173040000093859866

LISA H. STEVENSON
CONNECTICUT STATE MARSHAL
(860) 291-8805

The within is the original WRIT SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND, with my doings hereon endorsed.

Attest:-

Lisa H. Stevenson
Connecticut State Marshal
Hartford County

| | |
|---|---|
| Service | 120.00 |
| Travel | 20.00 |
| Endorsements | 4.80 |
| Verified Pages | 51.00 |
| TOTAL | $195.80 |

BR071420

**State of Connecticut**
County of Hartford
CONNECTICUT STATE MARSHAL

LISA H. STEVENSON
CONNECTICUT STATE MARSHAL
(860) 291-8805