IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIEGFRIED LISISCHEFF | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-cv-01156-RNC |
| V. | : | |
| | : | |
| MASTEC NORTH AMERICA, INC., | : | |
| MIGUEL A. AQUINO and ARI FLEET | : | |
| LT, LTD | : | |
| Defendants. | : | OCTOBER 9, 2020 |

**AMENDED ANSWER**

Defendants, MasTec North America, Inc., Miguel A. Aquino, and Ari Fleet LT, LTD (collectively, the "Defendants") hereby respond to the Plaintiff, Siegfried Lisischeff's ("Plainiff"), Amended Complaint dated September 22, 2020 ("Complaint") as follows:

**I.   INTRODUCTION**

1.     Paragraph 1 refers to a document that speaks for itself. Defendants deny that Plaintiff was damaged as the result of any negligence of the Defendants.

2.     Paragraph 2 refers to documents that speak for themselves.

3.     Paragraph 3 contains a conclusion of law to which no response is required.

3(sic).  Paragraph 3 contains a conclusion of law to which no response is required.

**II.   PARTIES**

4.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and leave the Plaintiff to his proof.

5.     Mastec admits the allegations in Paragraph 5 of the Complaint.

6.     Mastec admits the allegations in Paragraph 6 of the Complaint.

**III.   JURISDICTION AND VENUE**

28016235.v1

7.      Mastec admits the allegations in Paragraph 5 of the Complaint.

8.      Mastec admits that that venue is proper, that the plaintiff resides in Connecticut and that the alleged accident occurred in Connecticut.  Except as expressly admitted in this paragraph, the allegations in paragraph 8 are expressly denied.

## FIRST COUNT (SIEGFRIED LISISCHEFF V. MASTEC NORTH AMERICA, INC.): (VICARIOUS LIABILITY)

1-8.      MasTec realleges and incorporates their responses to paragraphs 1-8 as if they were fully set forth herein.

9.      Mastec is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and leaves the Plaintiff to his proof.

10.      Paragraph 10 contains conclusions of law to which no response is required.  To the extent a response is required, Mastec admits that Miguel A. Aquino was employed by MasTec at the stated date and time.

11.      MasTec denies the allegations in paragraph 11.

12.      Mastec denies the allegations in Paragraph 5 and subparagraphs a-g.

13.      Mastec denies the allegations in Paragraph 13 and subparagraphs a-l.

14.      Mastec is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and leaves the Plaintiff to his proof.

15.      Mastec is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and leaves the Plaintiff to his proof.

16.      Mastec is without sufficient knowledge or information to form a belief as to the

2

28016235.v1

truth of the allegations contained in paragraph 16 of the Complaint and leaves the Plaintiff to his proof.

17.     Mastec is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and leaves the Plaintiff to his proof.

18.     Mastec denies the allegations in Paragraph 18.

## SECOND COUNT (SIEGFRIED LISISCHEFF V. MASTEC NORTH AMERICA, INC.): (NEGLIGENT HIRING, TRAINING ENTRUSTMENT AND SUPERVISION)

1-22(sic).     Mastec realleges and incorporates its responses to paragraphs 1-18 of the First Count as if they were fully set forth herein. This paragraph appears to contain a scriveners's error and purports to incorporate the nonexistent paragraphs 19-22 of the First Count.

23.     Mastec denies the allegations in Paragraph 23 and subparagraphs a-c.

## THIRD COUNT (SIEGFRIED LISISCHEFF V. MIGUEL A. AQUINO): (NEGLIGENCE)

1-22(sic).     Mastec realleges and incorporates its responses to paragraphs 1-18 of the First Count as if they were fully set forth herein. This paragraph appears to contain a scriveners's error and purports to incorporate the nonexistent paragraphs 19-22 of the First Count.

23.     Mastec denies the allegations in Paragraph 23.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff, and/or other parties or non-parties, proximately caused or contributed to the incident and damages alleged in the complaint.

28016235.v1

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damage or loss, which is denied, then the damage or loss was brought about by the fault, negligence, or actions of individuals for whose conduct the Defendants are not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are speculative.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to join necessary and/or indispensable parties.

**EIGHTH AFFIRMATIVE DEFENSE**

The acts or omissions of Plaintiff caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery.

**NINTH AFFIRMATIVE DEFENSE**

Any recovery by the plaintiff must be reduced to the extent that any payments were received by the plaintiff from any collateral sources whatsoever, including but not limited to other litigation, first-party insurance coverage, funds placed in escrow, taxed benefits claimed funds expended by county, state or federal regulatory agencies or any other collateral source.

**TENTH AFFIRMATIVE DEFENSE**

The alleged incident was the result of a sudden and unexpected loss of consciousness or capacity.

28016235.v1

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves its right to supplement and amend its affirmative defenses as discovery

proceeds.

Respectfully submitted,
MASTEC NORTH AMERICA, INC.,
MIGUEL A. AQUINO and ARI FLEET LT,
LTD

By:     */s/ Andrew L. Baldwin*
        Joshua L. Milrad (ct19321)
        Andrew L. Baldwin (ct29171)
        GOLDBERG SEGALLA, LLP
        100 Pearl Street, Suite 1100
        Hartford, CT 06103-4506
        Tel: 860.760.3328
        Tel: 860.760.3313
        Email:  jmilrad@goldbergsegalla.com
        Email:  abaldwin@goldbergsegalla.com

5

28016235.v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 9th day of October, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Andrew L. Baldwin*
Andrew L. Baldwin

6

28016235.v1