UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIEGFRIED LISISCHEFF, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 3:20-CV-1156(RNC) |
| | : |
| MASTEC NORTH AMERICA, INC., | : |
| and MIGUEL A. AQUINO | : |
| | : |
| Defendants. | : |

## RULING ON PENDING DISCOVERY REQUESTS

### I.  The Factual Background

This is a personal injury action arising out of a motor vehicle collision. The plaintiff, Siegfried Lisischeff, alleges that, on September 27, 2018, the defendant, Miguel A. Aquino (hereinafter, "defendant Aquino"), in the course of his employment, was driving a van owned by his employer, MasTec North America, Inc. (hereinafter, "MasTec"), and negligently caused the van to cross the center line of the roadway, striking plaintiff's vehicle, thereby causing plaintiff to suffer personal injuries and other related damages. Among other defenses, defendant Aquino alleges that the incident was the result of a sudden and unexpected loss of consciousness or capacity.

### II.  The Procedural Background

On March 22, 2021, plaintiff moved for a discovery conference (Doc. #38) to resolve issues related to defendant Aquino's alleged failure to provide full and complete responses to interrogatories and requests for production served by plaintiff. In his motion, plaintiff stated that he conferred with defense counsel and was unable to resolve the issues in dispute. On March 31, 2021, pursuant to the Court's order (Doc. #40), the parties filed a joint statement in which they certified that they had conferred again and attempted to resolve the discovery disputes in good

faith and remained unable to do so (Doc. #41). In their joint statement, the parties identified one interrogatory, with four subparts, and twenty production requests which remained in dispute. On April 1, 2021, the Court granted plaintiff's motion for a discovery conference (Doc. #42).

On April 2, 2021, plaintiff filed a memorandum of law in support of a request that defendant be compelled to answer each discovery request at issue fully, completely and with specificity (Doc. #44). Although the plaintiff did not explicitly title them as such, the Court construes his motion for a discovery conference and his memorandum of law as a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3)(B) because of their content and the requested relief. On the same date, defendant Aquino filed a memorandum of law (Doc. #45) in which he argued that: (1) he sufficiently responded to the discovery requests in dispute based on information and documents presently in his possession, custody and control; (2) he requested certain cell phone, personnel and medical records sought by the plaintiff and intended to produce those on a rolling basis upon receipt; and (3) other documents sought by plaintiff from defendant Aquino will be produced by defendant MasTec in response to discovery requests served upon MasTec by plaintiff.

### III.   The Applicable Law

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. It is well-established that relevant information need not be admissible at trial if the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). "The party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster &*

*Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).  "A party answering discovery requests has an affirmative duty to furnish any and all information available to the party." *Electrified Discounters, Inc. v. MI Technologies, Inc.*, No. 3:13CV1332(RNC), 2015 WL 2383618, at *4 (D. Conn. May 19, 2015).  In addition, a party is under a duty to supplement its responses in a timely manner if it "learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).

### IV. The Discovery Conference and the Court's Rulings

With these legal principles in mind, the Court conducted a telephonic discovery conference with the parties on April 8, 2021.  During the conference, counsel for defendant Aquino represented, in pertinent part, that: (1)  defendant Aquino identified two medical providers who may have records responsive to plaintiff's requests, executed a medical release to permit defense counsel to obtain records from those providers and that any records from those providers relating to defenses raised by defendant Aquino will be produced; (2) defendant Aquino had requested certain cell phone records from Verizon Wireless responsive to requests made by plaintiff and would produce those records upon receipt; and (3) defendant Aquino would execute a release enabling MasTec to produce his personnel file and that those documents, with the exception of any privileged documents, would be produced by MasTec.  Defense counsel indicated that MasTec's discovery responses were due by April 9, 2021, and sought a fourteen-day extension of that deadline.  Absent objection by the plaintiff, the Court granted the requested extension and orders MasTec to serve its discovery responses by April 23, 2021.

Thereafter, in light of the representations made by defense counsel, the Court addressed the disputed interrogatory (with four subparts) and twenty requests for production identified in the parties' joint statement.  The Court rules as follows.

In interrogatory 1(a), plaintiff requested that defendant Aquino state the facts which support his tenth affirmative defense that the incident occurred because of his sudden and unexpected loss of consciousness or capacity. In part, defendant Aquino responded that he told his supervisor and his parents that he blacked out and lost control of his vehicle. In accordance with the discussion with the parties during the conference, the Court grants the motion to compel to the extent that defendant shall disclose any other information shared with his supervisor and parents regarding the circumstances of the accident. If defendant Aquino did not provide any other information to his supervisor or parents, he is directed to make an explicit statement to that effect.

In interrogatory 1(b), plaintiff requested that defendant Aquino identify the persons with knowledge of any facts concerning his tenth affirmative defense. Plaintiff acknowledged that he received the addresses of defendant Aquino's supervisor and Aquino's parents since the filing of the parties' joint statement, and accordingly, plaintiff's motion to compel as to interrogatory 1(b) is denied as moot without prejudice.

With respect to interrogatory 1(c) which requests that defendant identify any documents which contain, relate or refer to the material facts which prove, assist in proving or establish the tenth affirmative defense, the requested information is clearly relevant. Accordingly, the Court grants the plaintiff's motion to compel and defendant Aquino is ordered to produce any written or recorded statement he gave to MasTec or its insurance carrier to the extent that such statement is in his possession. If any such written or recorded statement is in the possession of MasTec or MasTec has any document that contains information derived from any verbal statement about the accident given by defendant Aquino, MasTec shall produce that document as part of its discovery responses by April 23, 2021. If such document(s) exist but are not in MasTec's possession, MasTec shall provide the name, address and specific individual who has possession

of the document(s) and the ability to access and produce those documents. To the extent MasTec withholds any document pursuant to a claim of privilege, it shall, in accordance with Fed. R. Civ. P. 26(b)(5)(A), submit a privilege log to plaintiff identifying the following: 1) the date of the document; 2) the person who prepared the document; 3) the identities of persons to whom the document was sent, if any; 4) the general subject matter of the document without revealing any privileged content; and 5) the nature of the privilege being claimed. Finally, with respect to any medical records received by defendant Aquino, the Court orders any records documenting a prior history of blackouts, dizziness, loss of consciousness or any other condition resulting in such symptoms or which may result in such symptoms to be produced. If a review of defendant Aquino's medical records does not indicate any such prior symptoms or conditions, then defendant Aquino is compelled to provide an explicit statement to that effect.

     As to interrogatory 1(d) in which plaintiff requests that defendant Aquino explain the application of the law to the facts of the case in connection with the tenth affirmative defense, this clearly does not seek factual information and is more appropriately left to the Court and the trier of fact. Accordingly, the Court denies the motion to compel as to interrogatory 1(d).

     Production request 1 seeks all materials, documents, electronically stored information ("ESI"), photographs, videos and other tangible items that relate to defendant Aquino's affirmative defenses. This request is redundant to a significant degree to the material sought in response to interrogatory 1(c), and the Court grants the motion to compel to the same extent as it granted the motion to compel as to interrogatory 1(c) above. Further, during the conference, the Court and the parties identified the following additional categories of documents that would fall within production request 1: documents in Aquino's personnel file, including information about prior accidents or instances of blacking out during work, photographs, videos and diagrams of the accident scene and any emails and text messages relating to the accident and the

circumstances in which it arose. The Court grants the motion to compel to the extent that defendant Aquino and MasTec are directed to compile these documents and produce them by April 23, 2021.

As to production request 2, which requests all material prepared or reviewed by any expert defendant Aquino expects to call at trial, the Court notes that the request is premature because the Court's current scheduling order sets a deadline of October 15, 2021, for defendant's expert disclosure and a deadline for deposition of defense experts of January 15, 2022. Production request 2 is premature. During the discovery conference, plaintiff agreed and indicated that he would not pursue the motion to compel this request at this juncture. Accordingly, the Court denies the motion to compel production request 2 as moot and without prejudice.

Production request 3 is redundant of materials sought in response to interrogatory 1(c) and production request 1, and as such, the Court's ruling in response to those prior requests shall constitute the Court's ruling as to production request 3.

As to production request 4, plaintiff seeks all electronic data files and all ESI from any mobile device located in the van being driven by defendant Aquino at the time of the accident and being used by defendant Aquino on the day of and the day prior to the accident. This request, which is not limited to files and ESI relating to the accident and any defenses asserted by defendant Aquino, is clearly overbroad. The Court grants the motion to compel only to the extent that defendant Aquino shall respond whether he was in possession of a phone(s) at the time of the accident and for each phone, he shall provide the phone number, service provider, and the current whereabouts of that phone. To the extent that phone is still in his possession, he shall produce any photos or videos of the accident scene contained on the phone and emails and text messages contained on the phone that relate to circumstances of the accident and any

6

defenses that have been raised.  Finally, during the conference, defense counsel represented that defendant requested certain cell phone records from the date of the accident from Verizon Wireless.  The Court grants plaintiff's motion to compel such records and directs plaintiff to request those records by April 16, 2021, if he has not done so already, and produce those records by April 23, 2021.  If plaintiff has not received those records from Verizon by April 23, 2021, then he shall produce them within seven (7) days of receipt.

As to production requests 5(a) and 5(b) which seek information from any event data recorded in the van being driven by defendant Aquino, any ESI from any wired or wireless Telematics system or other data recording device in Aquino's van, defendants' counsel represented that such information, to the extent that it exists, will be produced by MasTec in its discovery responses.  If defense counsel determines that no such information exists, then counsel should provide an explicit statement to that effect.  Production request 5(c) is redundant of previous requests already addressed by the Court.  Accordingly, the Court denies the motion to compel as to production request 5(c) as moot and without prejudice.

In production request 6, plaintiff seeks a copy of any email, text message, or any item posted on any social media platform by defendant Aquino.  The Court grants the motion to compel to the extent that defendant Aquino shall identify any Facebook, Twitter, Instagram, or other social media account that he has, shall review those accounts and shall produce copies of any posts, which still exist, that relate to the circumstances of the accident and any defenses he has raised.

Production request 7 seeks documents already encompassed within prior requests that the Court addressed.  Therefore, the Court denies the motion to compel production request 7 as moot and without prejudice.

With respect to production request 8, the Court denies the motion to compel as moot and without prejudice to the extent that it seeks photographs, video recordings, charts and diagrams relating to the accident already encompassed within prior requests addressed above. As to such materials in the possession of MasTec's insurance carrier, ACE American Insurance Company ("ACE"), the Court grants the motion to compel to the extent that defendants Aquino and MasTec shall identify by April 23, 2021, the specific nature of any such materials in the possession of ACE and the name of the specific individual with possession and/or access to the material sufficient to produce those materials.

In production request 9, plaintiff seeks to obtain driver log books, diaries, tracking data, emails, texts or other communications, relating to the accident and defendant Aquino's operation of the van on the date of the accident. Much of this information is again redundant of prior requests addressed by the Court. Further, defendants have represented that driver log books, diaries and any tracking data will be produced as part of MasTec's discovery responses due on April 23, 2021. Accordingly, the Court denies the motion to compel as moot and without prejudice.

Production request 10 is redundant of other requests previously addressed by the Court. Therefore, the Court denies the motion to compel production request 10 as moot in light of its prior ruling and without prejudice.

In production request 11, plaintiff seeks records and reports from the ambulance company that responded to the scene of the accident. The information sought is clearly relevant to the claims and defenses raised by the parties. Accordingly, the Court grants the motion to compel and directs defendant Aquino to identify the name and address of the ambulance company that responded to the scene to render him any necessary aid and, pursuant to a medical

authorization to be executed by him, that he request by April 23, 2021, the ambulance report and any records of treatment rendered and that he produce those records upon receipt.

As to production request 12, which seeks defendant Aquino's personnel file and documents relating to MasTec's employment of Aquino, including contracts, terms of employment, training materials, disciplinary policies and records, records of pre-employment medical examinations and employee policy manuals, defense counsel represented that these documents would be produced by MasTec by April 23, 2021. To the extent that any documents are withheld based on a claim of privilege or any other ground, defendants shall identify the date of the document, the author of the document, the recipients of the document, the general nature and subject matter of the document without disclosing allegedly privileged material and the specific privilege claimed.

Production request 13 is redundant of prior requests addressed by the Court and, in light of representations made by defendant Aquino that he will obtain and produce records from two identified medical providers that fall within the scope of this request, the motion to compel is denied as moot without prejudice.

As to production request 15, plaintiff requests records as to any workers' compensation claim made by defendant Aquino. During the conference, the parties agreed that defendant Aquino did not make any such claim and the motion to compel is denied as moot.

In production request 16, plaintiff seeks a copy of defendant Aquino's driver's license. To the extent that this information will allow plaintiff to determine whether defendant Aquino has had any motor vehicle violations or other incidents that may have stemmed from similar blackouts or loss of consciousness, it is relevant or at least reasonably calculated to the discovery of potentially admissible evidence. The Court grants the motion to compel and orders that

defendant produce a copy of his driver's license so that the state of issue and operator's number is visible. Defendant Aquino may redact any other personal identifiers.

As to production request 17, which seeks a copy of any other complaint filed against defendant Aquino for personal injuries and/or property damage caused by his alleged negligence in the operation of a motor vehicle. The parties acknowledged that there were no such complaints. Accordingly, the Court denies the motion to compel as moot.

During the discovery conference, in connection with production requests 18, 19, 20 and 21, the plaintiff acknowledged that these requests were repetitive of requests already ruled upon by the Court or were moot in light of documents to be produced by MasTec in its compliance with discovery requests by April 23, 2021. Accordingly, the Court denies the motion to compel production requests 18, 19, 20 and 21 as moot without prejudice.

Lastly, the Court extends MasTec's period for discovery compliance to April 23, 2021, and the Court further orders that all information responsive to its orders compelling discovery by defendant Aquino should be produced by April 23, 2021. To the extent that defendant Aquino must request telephone records and medical records, those requests must be made no later than April 23, 2021, if they have not been made already, and any responsive documents shall be produced upon receipt. The Court reminds defendants Aquino and MasTec that if any documents are withheld on the basis of a claimed privilege, they must submit a privilege log identifying the date of the document, the author of the document, the recipients of the document, the general subject matter of the document without disclosing allegedly privileged material and the specific privilege claimed.

Finally, Rule 16 of the District of Connecticut's local civil rules contemplates that the court may schedule a settlement conference. *See* Local Rule 16(c). Settlement is the most frequent disposition of civil cases. "[C]ivil litigation rarely results in a trial. The vast majority

of cases are resolved by settlement . . . ." *Cyberscan Tech., Inc. v. Sema Ltd.*, No. 06 CIV.526(GEL), 2006 WL 3690651, at *11 (S.D.N.Y. Dec. 13, 2006). The compromise and settlement of lawsuits is important because it saves litigants time and money and conserves judicial resources. The parties shall confer with their clients and one another and by May 15, 2021, shall submit to chambers a joint statement indicating when a settlement conference is most likely to be productive.

    SO ORDERED this 12th day of April, 2021, at Bridgeport, Connecticut.

                                     _____/s/_____
                                     S. Dave Vatti
                                     United States Magistrate Judge